UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ANTOINETTE THOMAS,

Plaintiff,

v.

WEST VALLEY DETENTION CENTER,

Defendant.

Case No. 5:25-cv-03099-MWC-ACCV

**ORDER DISMISSING COMPLAINT**

**BACKGROUND**

On November 10, 2025, Plaintiff Antoinette Thomas ("Plaintiff") filed a Complaint against Defendant West Valley Detention Center. (Electronic Case Filing Number ("ECF No.") 1.) On December 23, 2025, Plaintiff was granted permission pursuant to 28 U.S.C. § 1915 (b)(1) to file the above-referenced action without prepaying the full filing fee of $350.00, but Plaintiff was ordered to pay the partial filing fee in the amount of $47.93 within thirty (30) days to the Clerk of Court. (ECF No. 6.) Plaintiff did not comply by the deadline, and the Court issued an Order to Show Cause Re Failure to Pay Initial Partial Filing Fee ("OSC") on February 17, 2026. (ECF No. 10.) In its OSC, the Court noted that "Plaintiff may file a response to

1

this Order to Show Cause no later than twenty-one (21) days from the date of this Order. Failure to file a response within the time specified may be deemed consent to the dismissal without prejudice of this action. If the initial partial filing fee is received within the twenty-one (21) day period, no further response to this Order to Show Cause is necessary." (*Id.* at 1.) On February 26, 2026, the Court ordered Plaintiff to notify the Court, in writing, of a current address of record on or before March 11, 2026 ("Address Order"). (ECF No. 13.) Plaintiff's mail was returned on February 27, 2026, regarding the OSC and on March 16, 2026, for the Address Order. (ECF Nos. 14, 15, 16.) The return mail stated that Plaintiff was not in custody. (ECF Nos. 14, 15, 16.) To date, Plaintiff has not shown cause or notified the Court, in writing, of a current address of record.

As of the date of this Order, Plaintiff has failed to show cause why this case should not be dismissed or to otherwise participate in this litigation. Plaintiff has not responded to the OSC or Address Order and has not contacted the Court.

## DISCUSSION

District courts have *sua sponte* authority to dismiss actions for failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-33, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("District courts have the inherent power to control their dockets and, in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case.") (internal quotations and alterations omitted).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61.

2

In the instant action, the first two factors—public interest in expeditious resolution of litigation and the court's need to manage its docket—weigh in favor of dismissal. Plaintiff has not shown cause per the Court's February 17, 2026 OSC or notified the Court, in writing, of a current address per the Court's February 26, 2026 Address Order. Plaintiff also has not requested an extension of time to respond to these orders. This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition, and suggests Plaintiff does not intend to litigate this action diligently.

The third factor—prejudice to defendant—also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendant arises when plaintiffs unreasonably delay prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests such a presumption is unwarranted in this case.

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. However, it is Plaintiff's responsibility to move towards disposition at a reasonable pace, and avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley*, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility despite having been: (1) instructed on Plaintiff's responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. (*See* ECF No. 10, OSC at 1; ECF No. 13, Address Order at 1.) Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to obey court orders or to file responsive documents within the time granted.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with court orders or participation in this litigation. Plaintiff has shown either an unwillingness or inability to comply with court orders by failing to file responsive documents or otherwise cooperate in prosecuting this action.

Finally, while dismissal should not be entered unless plaintiff has been notified dismissal is imminent, *see W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has warned Plaintiff about the possibility of dismissal. (*See* ECF No. 10, OSC at 1; ECF No. 13, Address Order at 1.)

Accordingly, because it appears that Plaintiff has abandoned this litigation, and because Plaintiff has failed to respond to Court orders, the Court **DISMISSES** this case, without prejudice.

### ORDER

Based on the foregoing, **IT IS ORDERED** that Judgment be entered **DISMISSING** this case without prejudice.

DATED: April 20, 2026

_____
HON. MICHELLE WILLIAMS COURT
United States District Judge

Presented by:

_____
HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge

4